UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHELDON CANNON | CIVIL ACTION |
| VERSUS | NO. 05-5558 |
| MONSANTO COMPANY | SECTION: "B"(2) |

## ORDER AND REASONS

Before the Court is Intervenor, Gary J. Muller, Motion for Order Requiring Payment Over of Settlement Funds Pursuant to Seizure (Rec. Doc. No. 107). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Intervenor's Motion for Order Requiring Payment Over of Settlement Funds Pursuant to Seizure (Rec. Doc. No. 107) is **GRANTED**.

## BACKGROUND

On November 14, 2005, Sheldon Cannon ("Plaintiff") had instituted the above-captioned action against Monsanto Company ("Defendant"). During this time, Plaintiff contracted with Gary Muller to loan Plaintiff $59,000.00. Plaintiff failed to repay Muller, all but $3,000 of the amount loaned. As a result of Plaintiff failure to pay, Muller instituted a lawsuit against Plaintiff to collect the amount due. On March 15, 2007, Mr.

1

Muller obtained a Final Judgment against Plaintiff in the State Court Action, for $56,000.00 plus other amounts such as interest and costs. Plaintiff did not appeal the Judgment or seek any other post-trial relief.

On August 22, 2007, Muller filed a Petition for Garnishment in the State Court Action. In a response to Garnishment Interrogatories, Defendant admitted that Plaintiff had the above-captioned claim pending against it (Rec. Doc. O. 107-3). Subsequently, on October 19, 2007, Muller filed a Request for Issuance of Writ of *Fieri Facias*, in the State Court Action. At that time Muller obtained the Writ and obtained a Judgment and Order under La. R.S. § 13:3862 seizing the property ("Seizure Order"). The Order, under §3862, ordered " that all money and other property of [Plaintiff] in the possession or control of [Defendant] *be delivered* over and that there was *immediately effected a seizure*, lien and priority in favor of Muller against [Plaintiff's] claim in the above-captioned action (Rec. Doc. No. 107-3 at 3); *See* § 3862; Order (Exh. 3); Intervention (Exh. 1), ¶11.

On November 9, 2007, the Writ of *Fieri Facias* was served on the Clerk of this Court and the litigants (Rec. Doc. No. 49). The Writ commanded the Court and litigants to pay all in their possession to satisfy the Judgment rendered in favor of Muller

against Plaintiff in the State Court Action (Intervention (Exh. 1), ¶¶14-15.

The above-caption action was set for August 18, 2008, however, before the action reached trial, the parties in the above-captioned action reached a formal settlement agreement for $10,000.00 (Rec. Doc. No. 117-2). During settlement discussion, the parties acknowledged to this Court Muller's claim to the settlement proceeds (Rec. Doc. No. 107-3). Subsequently, the Court instructed that Defendant could make the settlement check payable 'jointly' to Plaintiff, Muller, and Plaintiff's attorney, Mr. Darryl Becnel (Rec. Doc. No. 111 at 2). Defendant complied with the Court's order and tendered the settlement check jointly, pursuant to the Court's instruction. Mr. Becnel (Plaintiff's attorney) has disclaimed all interest in the funds; however, Plaintiff has refused to endorse the check to Muller. As a result, Muller has filed this instant action.

Muller (Intervenor) requests that the Court order that the settlement proceeds be paid over to him in compliance with the Writ and Seizure Order. Muller argues that to fully resolve all issues, the Order should specifically state as follows: (1) that the Court's previous verbal statement regarding making the settlement check payable jointly is amended; (2) that Defendant is not required to pay the settlement jointly to Plaintiff, his attorney and Muller, and is free to stop payment on that check;

and (3) that Defendant shall issue a replacement settlement check payable to Gary J. Muller in satisfaction of Defendant's payment obligations under its Settlement Agreement with Plaintiff, and neither Plaintiff nor his attorney shall have any claim against Muller for any part of that payment (Rec. Doc. No. 107-3).

In the alternative, Muller requests that the dismissal Order be amended to provide the following relief: "The Court's previous statement is amended regarding payment of the settlement proceeds jointly as follows; [Defendant] is not required to make the settlement check payable jointly to [Plaintiff], his attorney and Muller, and Monsanto is free to stop payment on that check; Monsanto shall issue to counsel for Intervenor Muller, within the next seven days, a replacement settlement check payable to Gary J. Muller in full satisfaction of [Defendant's] payment obligations under its Settlement Agreement with [Plaintiff]; and neither [Plaintiff] nor his attorneys shall have any claim against that check or against Muller for any part of that payment (Rec. Doc. No. 115-3)."

Defendant does not dispute the right of the Intervenor to recover the settlement proceeds, however, Defendant requests that the Court exercise supplemental jurisdiction with respect to the claim of Intervention pursuant to 28 U.S.C. § 1367. Defendant argues that the proper remedy for enforcing the Intervention is for the Court to issue an Order directing Plaintiff, under

penalty of contempt, to endorse the previously issued settlement check and to deliver the endorsed instrument to Muller in satisfaction of the lien (Rec. Doc. No. 114 at 4).

Courts always have subject matter jurisdiction to manage their proceedings and vindicate their authority (Rec. Doc. 115-3 at 2); *See, e.g., Faust v. United States*, 33 Fed. Cl. 807, 809 (1995). In the Court's transcript of settlement, the Court has retained jurisdiction of the case for the express purpose of enforcing execution of the terms of settlement (Rec. Doc. 111 at 6). The Court finds that Muller's motion falls under the Court's original and supplemental jurisdiction of executing the terms of the Settlement Agreement, confected on August 18, 2008. However, the Court declines to re-write the settlement agreement between Plaintiff and Defendant, as Muller requests. Additionally, the Court declines to amend its previous dismissal order. The Court finds that Defendant has fulfilled his obligations by administering the payment of the settlement proceeds, when Defendant issued the check jointly payable to Plaintiff, Plaintiff's attorney, and Muller, as directed by the Court. It is the Plaintiff who has not fulfilled his obligation to his creditor, Muller, by refusing to endorse and deliver the settlement check to its rightful owner. For these reasons, the Court finds that the proper remedy for enforcing the Intervention is by issuing an order-requiring Plaintiff, to endorse the

5

previously issued settlement check and tender it to Muller. The Court finds that such remedy would not only afford the relief sought by Muller, but also avoid disruption of the parties binding Settlement Agreement. Furthermore, this Court has jurisdiction to make such a ruling. Jurisdiction is not a contestable issue here. Accordingly,

For the foregoing reasons**, IT IS ORDERED** that Intervenor's, Gary J. Muller, Motion for Order Requiring Payment Over of Settlement Funds Pursuant to Seizure (Rec. Doc. No. 107), is **GRANTED**, and Plaintiff is hereby ordered, to promptly endorse the settlement check along with his counsel and deliver the endorsed check to Muller, under penalty of contempt, in satisfaction of his rights as an intervening creditor.

New Orleans, Louisiana, this 31st day of July, 2009.

	IVAN L.R. LEMELLE
	UNITED STATES DISTRICT JUDGE